Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| PEDRO ENRIQUE PÉREZ VÉLEZ<br><br>Recurrida<br><br>V.<br><br>QUICK FOOD SERVICES, INC.<br><br>Peticionario | KLCE202500014 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: SG2023CV00220<br><br>Sobre: Petición de Orden Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de febrero de 2025.

Comparece Quick Food Services Inc., (Quick Food o la Peticionaria) y nos solicita la revocación de la *Resolución* emitida y notificada el 4 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala de Mayagüez, (TPI o foro primario). Mediante la referida *Resolución,* el foro primario declaró *No Ha Lugar* la *Moción de Desestimación* presentada por Quick Food al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R. 10.2 y denegó su solicitud para desestimar la Demanda sobre daños y perjuicios y solicitud de interdicto presentada en su contra por Pedro Enrique Pérez Vélez (señor Pérez Vélez o el Recurrido) por alegadas barreras arquitectónicas en uno de sus establecimientos.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*, solicitado por la Peticionaria.

**I**

El 18 de abril de 2023 el señor Pérez Vélez presentó Demanda de daños y perjuicios en contra de la Peticionaria en la que solicitó un interdicto conforme al Título III del *American with Disabilities Act* (ADA), 42 USC sec. 12188 (a) (2) y el CFR sec. 36.504 (a), por la alegada existencia de varias

barreras arquitectónicas en el establecimiento *The Taco Maker*, tanto en el exterior como en el interior, particularmente en el área de comedor y en el servicio sanitario.[1] En síntesis, el Recurrido alegó padecer una condición de salud que ha limitado sustancialmente su movilidad; que durante una visita al establecimiento Taco Maker, el 26 de marzo de 2023 se encontró con varias barreras arquitectónicas, las cuales especificó en la Demanda, por lo cual solicitó al foro primario que ordenara a la Peticionaria eliminar las alegadas barreras arquitectónicas en dicho establecimiento.

En respuesta, el 18 de agosto de 2023, Quick Food contestó la Demanda y entre sus defensas afirmativas sostuvo que la reclamación del Recurrido dejaba de exponer una reclamación que justificara la concesión de un remedio.[2] Posteriormente, se realizó una inspección ocular en el establecimiento, en la que participaron los abogados de ambas partes.

El 28 de mayo de 2024, Quick Food presentó *Moción de Desestimación* en la que alegó que el señor Pérez Vélez carecía de legitimación activa, toda vez que este dejó de exponer en su demanda que hubiese sufrido algún daño concreto y particular tras su visita al establecimiento.[3]

Por su parte, el 4 de junio de 2024, el señor Pérez Vélez presentó una moción ante el TPI en la que solicitó autorización para enmendar la demanda para proporcionar una exposición más detallada y precisa de las barreras y su relación causal con la condición que padece.[4] Dicha solicitud de enmienda a la demanda le fue denegada por el foro primario al señor Pérez Vélez el 18 de junio de 2024, mediante *Resolución y Orden* en la que el TPI hizo constar que las alegaciones de la demanda originalmente radicada eran claras y le concedió al Recurrido cinco días para expresarse en torno a la *Moción de Desestimación* presentada por Quick Food.[5]

---

[1] *Véase* páginas 1-10 del Apéndice del *Certiorari*.
[2] *Véase* páginas 11-14 del Apéndice del *Certiorari*.
[3] Véase páginas 16 -22 del Apéndice del recurso de *certiorari* y la Entrada Núm. 21 de SUMAC en el caso SG2023CV00220.
[4] *Véase* páginas 24-26 Apéndice del *Certiorari*.
[5] *Véase* Anejo VIII, a la página 42 del Apéndice del *Certiorari.*

En cumplimiento con lo ordenado, el 25 de junio de 2024, el señor Pérez Vélez presentó *Oposición a Moción* de *Desestimación* ante el foro primario[6] En igual fecha, el señor Pérez Vélez presentó *Moción sobre Legitimación Activa del Demandante*.[7] En esencia, el Recurrido expuso que las barreras arquitectónicas persisten en el establecimiento y que tiene legitimación activa para instar su reclamación como cliente y *tester* al amparo de ley ADA. De igual forma, enfatizó en el riesgo de daño futuro si las barreras arquitectónicas no se removían y anejó una transcripción detallada de su experiencia en el establecimiento.

El 1ro. de julio de 2024, Quick Food replicó a ambas mociones presentadas por el Recurrido y reiteró su postura en torno a que los hechos alegados en la Demanda no constituían daños específicos ni concretos al amparo de la Ley ADA. [8]

Mediante *Resolución* emitida y notificada 4 de diciembre de 2024, el foro primario declaró *No Ha Lugar* la *Moción de Desestimación* presentada por Quick Food al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R. 10.2 y denegó su solicitud para desestimar la Demanda sobre daños y perjuicios y solicitud de interdicto presentada en su contra por el señor Pérez Vélez por la existencia de barreras arquitectónicas en uno de sus establecimientos. [9] Concluyó el foro primario al evaluar la solicitud de desestimación presentada por la Peticionaria, que al amparo de la Ley ADA y su jurisprudencia interpretativa, cuando un demandante puede demostrar su intención de regresar a un establecimiento, junto con la existencia de barreras arquitectónicas que afectan su acceso, cumple con los requisitos de legitimación activa para presentar una demanda bajo la Ley ADA.

En desacuerdo, la Peticionaria acude ante nos mediante el recurso de *certiorari* presentado el 2 de enero de 2025 y señala la comisión de los siguientes errores por parte del foro primario:

---

[6] *Véase* Anejo IX, páginas 43-60 del Apéndice del *Certiorari.*
[7] *Véase* Anejo X, páginas 61-67 del Apéndice del *Certiorari*.
[8] *Véase* Anejo XI, páginas 68-72 del Apéndice del *Certiorari*.
[9] *Véase* Anejo XII, páginas 73-80 del Apéndice del *Certiorari*.

ERRÓ CRASAMENTE EL TRIBUNAL DE PRIMERA INSTANCIA, Y/O ACTUÓ SIN JURISDICCIÓN, AL INDICAR EN SU RESOLUCIÓN COMO HECHOS ALEGADOS POR LA PARTE DEMANDANTE (AQUÍ RECURRIDA) UNOS HECHOS QUE NO FUERON PARTE DE LA DEMANDA ORIGINAL SINO QUE FUERON INTRODUCIDOS EN UNA DEMANDA ENMENDADA CUYA AUTORIZACIÓN FUE DENEGADA POR EL PROPIO TRIBUNAL MEDIANTE RESOLUCIÓN A ESOS EFECTOS; Y DE LA CUAL (LA RESOLUCIÓN) NUNCA SE SOLICITÓ RECONSIDERACIÓN NI REVISIÓN AL TRIBUNAL DE APELACIONES, POR LO QUE ADVINO FINAL Y FIRME.

INDEPENDIENTEMENTE DEL SEÑALAMIENTO DE ERROR ANTERIOR, ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN DE LA DEMANDA PRESENTADA POR LA AQUÍ PETICIONARIA.

**II**

**A.**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones[10] de un foro inferior.[11] Esta facultad discrecional de los tribunales apelativos, para expedir o denegar un recurso de *certiorari*, está limitada por la Regla 52.1 de Procedimiento Civil de Puerto Rico,[12] que establece cuáles asuntos interlocutorios serán revisables.

Esta norma procesal faculta nuestra intervención en situaciones determinadas. En específico, dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

---

[10] "[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019).

[11] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

[12] 32 LPRA Ap. V, R. 52.1.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[13]

Una vez el tribunal apelativo determina que la resolución interlocutoria es revisable según la Regla 52.1, *supra*, procede su evaluación al amparo de otros parámetros. Así pues, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros[14]. Al ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar.[15] Éstos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[16] Esta norma de deferencia también aplica a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

---

[13] Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Véase Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

[14] *Véase Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

[15] 4 LPRA Ap. XXII-B, R. 40.

[16] *Coop. de Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[17]

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión".[18]

**B.**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil,[19] "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra".[20] La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes:

    (1)    falta de jurisdicción sobre la materia;
    (2)    falta de jurisdicción sobre la persona;
    (3)    insuficiencia del emplazamiento;
    (4)    insuficiencia del diligenciamiento del emplazamiento;
    (5)    dejar de exponer una reclamación que justifique la concesión de un remedio;
    (6)    dejar de acumular una parte indispensable.[21]

Al resolver una moción de desestimación bajo la Regla 10.2 (5) de Procedimiento Civil, *supra*, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas".[22] La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable

---

[17] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[18] 32 LPRA Ap. V, R. 49.2.
[19] 32 LPRA Ap. V, R. 10.2.
[20] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).
[21] 32 LPRA Ap. V, R. 10.2." (Énfasis en el original). *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016).
[22] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, en la pág. 428.

posible para la parte demandante".[23] Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y "únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante".[24] Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada".[25]

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "**debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida**". (Énfasis suplido).[26] Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba.[27]

El tratadista Cuevas Segarra nos comenta que nuestro Tribunal Supremo explicó de forma acertada en *Reyes v. Sucn. Sánchez Soto* lo siguiente:

> El texto de la actual Regla es a[u]n más favorable para un demandante, ya que la moción para desestimar no ha de considerarse s[o]lo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la concesión de un remedio, cualquiera que [e]ste sea. En vista de ello, las expresiones que hicimos en el caso de Boulon, particularmente la de que una demanda no debe ser desestimada por insuficiencia, **a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación**, tienen aún mayor virtualidad […]. (Énfasis nuestro).

---

[23] *Íd.,* en la pág. 429.
[24] *Colón Rivera v. Secretario, et al*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.
[25] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, en la pág. 429.
[26] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, en la pág. 429 que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, [137 DPR 497 (1994)], *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).
[27] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.

Para que el demandado prevalezca al presentar una moción de desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra,* "debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor".[28] Sin embargo, esto último "se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente que de su faz no den margen a dudas".[29]

Por último, cabe mencionar que se plantea que cuando se presenta una moción de desestimación bajo la Regla 10. 2(5) de Procedimiento Civil, *supra,* "[l]a controversia no es si el demandante va finalmente a prevalecer, sino, si tiene derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos [correctamente] alegados en la demanda". Así pues, al analizarse una moción de desestimación presentada tras una demanda "el tribunal debe concederle el beneficio de cuanta inferencia sea posible de los hechos alegados en dicha demanda".[30]

**III**

Es la contención principal de la Peticionaria en el recurso de epígrafe que incidió el foro primario al denegar su *Moción de Desestimación* presentada al amparo de la Regla 10.2 de Procedimiento Civil, *supra.*

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta la revisión de resoluciones dictadas por el TPI, a manera de excepción, cuando se recurre de la denegatoria de una moción de carácter dispositivo. Tanto la moción desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* como la solicitud de sentencia sumaria, son mociones de carácter dispositivo cuya denegatoria por el foro primario es revisable ante este Tribunal de Apelaciones mediante petición de *certiorari*.

---

[28] *Íd.,* en la pág. 530.
[29] Cuevas Segarra, *op. cit.*, en la pág. 529.
[30] *Íd.,* en la pág. 532.

Sin embargo, es preciso recalcar que nuestra discreción no se ejerce en el vacío. La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional revisora.

Evaluado el recurso de *certiorari* aquí presentado por la Peticionaria, junto a la *Resolución* recurrida, bajo los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, somos del criterio que procede denegar la expedición del auto de *certiorari* solicitado por Quick Food. Es nuestro criterio que en la ampliamente fundamentada resolución recurrida no medió prejuicio, parcialidad o error craso y manifiesto por parte del TPI. *Véase*, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Lo cierto es que no está presente ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra*, que mueva nuestra discreción para intervenir con el dictamen recurrido.

No identificamos que el foro primario haya actuado de manera arbitraria, caprichosamente o que hubiese abusado de su discreción al emitir la resolución recurrida. Tampoco nos encontramos ante una situación que amerite nuestra intervención para evitar un fracaso de la justicia. Por tanto, al amparo de los criterios que guían nuestra discreción, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. En consecuencia, procede denegar la expedición del auto de *certiorari* solicitado por Quick Food.

**IV**

Por los fundamentos anteriormente expuestos, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones